JAMES EDWARD HELLER
PRO SE PLAINTIFF
ES 1810
P.O. Box 200
CAMP HILL PA. 17001

August 6th 2001

RECEIVED SCRANTON
AUG - 9 2001
PER _____ DEPUTY CLERK

Mary E. D'Andrea Clerk of Courts
United States District Court
Middle District of Pennsylvania
Federal Building
N. Washington Avenue & Linden Street
P.O. Box 1148
Scranton P.A. 18501

RE: JAMES Edward Heller v. James Doherty et.al
No 1:01-CV-0828 Middle District of Pennsylvania

Dear Ms. D'Andrea,

Enclosed please find for filing the original of my Brief in opposition to the Defendants in this case Motion to Dismiss. This motion was filed by Attorney Gerard Geiger Esq in behalf of the Defendants JAMES Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia and Gary McFarland in the above captioned case. Please return to me a time-stamped copy of each document. Thank You.

Very truly yours,

JAMES HELLER
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EDWARD HELLER
    Plaintiff

v.

JAMES Doherty, Robert Stort,
Martin Williams, Peter Kessler,
Michael Sofia, Gary McFarland,
and Prime Care Medical.

: No: 1:01-CV-828
: Civil Action

Judge KANE

## ORDER

AND NOW, this ____ day of _____, 2001, upon consideration of the Motion to Dismiss filed by the Defendants, James Doherty, Michael Sofia, Robert Stort, Martin Williams, Peter Kessler, and Gary McFarland, and the Plaintiffs response filed thereto, it is hereby ORDERED that the Defendants Motion to Dismiss is DENIED AS moot.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Edward Heller<br><br>Plaintiff<br><br>vs.<br><br>James Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia, and Gary McFarland, Prime Care Medical. Defendants | No: 1:01-CV-0828<br><br>Civil Case<br><br>Judge Kane<br><br>FILED<br>SCRANTON<br><br>AUG 2001<br><br>PER _____<br>DEPUTY CLERK |

BRIEF OF PLAINTIFF JAMES Edward Heller, IN OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANTS DOHERTY, START, WILLIAMS, KESSLER, Sofia AND McFarland.

## I PROCEDURAL HISTORY

On May 10th 2001, Plaintiff James Edward Heller filed a Civil rights complaint pursuant to 42 U.S.C. §1983.

On June 21st 2001 the Court entered an Order granting the Plaintiff leave to proceed in forma pauperis but denying his Motion to Amend his Complaint as moot.

Presently before this Court is Defendants Doherty, Start, Williams, Kessler, Sofia and McFarlands Motion to Dismiss, in which the Plaintiff James Edward Heller is in opposition of, for reasons stated within this Brief herein.

## II STATEMENT OF FACTS

Plaintiff's Complaint is based upon an incident that occurred on February 28th 2001 while he was incarcerated at the Monroe County Correctional Facility.

Plaintiff claims that Defendant Martin Williams threatened to do physical harm to him and attempted to do so, leading Defendants Robert Start and Michael Sofia to physically assault the Plaintiff.

The Plaintiff claims the assault Defendants Robert Start and Michael Sofia put upon him caused him a broken blood vessel in his right eye and multiple bruises and abrasions. Plaintiff claims the broken blood vessels caused him blurry vision and discomfort for an extended period of time and that the bruises and abrasions also caused him discomfort for an extended period of time.

Plaintiff claims that he was denied medical treatment for four and one half hours by James Doherty, Defendant, and Prime Care Medical, Defendant.

In his complaint the Plaintiff asks for strict disciplinary action to be taken against the Defendants and asks for an order transferring him to another Correctional Facility for safety from the Defendants.

On June 27th, 2001 the Plaintiff was transferred to S.C.I. Camp Hill in Cumberland County. There he is finisishing out his State Sentence.

## III ARGUEMENT

Injunctive Relief Requested by Plaintiff is appropriate and not m

It is true that the Plaintiff is not presently incarcerated at M.C.C.F. However, there is a great likelyhood that the Plaintiff will have to return to M.C.C.F unless this Court orders otherwise.

3 of 6

The Plaintiff is asking this Court to enter an Order which would not allow him to be incarcerated at M.C.C.F as long as any of the named Defendants are employed at M.C.C.F. Instead the Plaintiff would be held in another County Facility. This would protect the Plaintiff from the Defendants because they would not have direct contact with the Plaintiff if he was held in another County Facility, instead of M.C.C.F.

The Disciplinary Action against the Defendants that the Plaintiff seeks would not be in violation of the Prison Litigation Reform Act which took effect April 26th 1996.

The Disciplinary Action against the Defendants the Plaintiff seeks is as follows:

1. That the Defendants be terminated from M.C.C.F by the State Not by the County of Monroe.

2. That the Defendants not be permitted to regain employment in any type of County, State, or Federal Correctional Facility or Law Enforcement Agency.

Such action by the Court against the Defendants would not violate the PLRA because it does not extend further than neccesary to correct the violation of the Plaintiffs Federal right.

It is the Federal right of the Plaintiff and all inmates at M.C.C.F and all other Correctional Facilities to be free from the Cruel and Unusual Punishment that has been displayed by the Defendants. Only this strict disciplinary action will prevent the Defendants from violating future Federal Rights.

Even though the Plaintiff is not incarcerated at M.C.C.F at this present time, there is again, a great likelyhood that he may return to M.C.C.F. Because of these circumstances the disciplinary action taken against the Defendants is still important to the Plaintiff because of the likelyhood he will be effected by such disciplinary action against the Defendants in the future. Same with the injunctive relief of an order preventing the Plaintiff from being incarcerated at M.C.C.F in the future. Even though such relief sought does not effect the Plaintiff now, it is likely it will in the future.

For the foregoing reasons, the Plaintiff has stated a claim for which relief can be granted.

## IV. CONCLUSION

For the forgoing reasons the Plaintiff James Edward Heller request that the Court deny Defendants Doherty, Start, Williams, Kessler, Sofia and McFarlands Motion to Dismiss.

BY _____
PROSE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing Brief in Opposition of the Defendents Motion to Dismiss upon the parties by mailing a true and correct copy to the parties of record at the following address by U.S. Mail, postage paid.

Mr. Gerard J. Geiger, Esq.
Attorney I.D. # 44099
Attorney for Defendents James Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia, and Gary McFarland.
712 Monroe Street
Stroudsburg, P.A. 18360

DATED August 6th 2001

Pro Se Plaintiff