**ORIGINAL**

FILED
HARRISBURG
OCT 0 1 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EDWARD HELLER,
    Plaintiff

vs.      :  NO. 1:CV 01-0828

JAMES DOHERTY, ROBERT START,  (Honorable Yvette Kane)
MARTIN WILLIAMS, PETER
KESSLER, MICHAEL SOFIA,
GARY McFARLAND and PRIME
CARE MEDICAL,
    Defendants

**DEFENDANT PRIME CARE MEDICAL'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

I. Procedural History

This is a pro se prisoner lawsuit which was filed on May 10, 2001. On June 6, 2001, Plaintiff filed a Motion to amend Statement of Claim which contained an Amendment to Statement of Claim. On June 21, 2001, Judge Kane issued an Order denying Plaintiff's Motion to Amend as moot; however, Plaintiff was granted leave to proceed in forma pauperis. On or about July 31, 2001, Defendants James Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia, and Gary McFarland filed a Motion

to Dismiss pursuant to F.R.C.P. 12(b)(6). Defendant Prime Care Medical (hereinafter "Prime Care"), contemporaneously with the filing of this Brief has also filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).

## II. Statement of Facts

Plaintiff alleges that on February 28, 2001, he was incarcerated at the Monroe County Correctional Facility, located at 4250 Manor Drive, Stroudsburg, Pennsylvania. (See Plaintiff's Complaint). Plaintiff alleges that Prime Care provides medical treatment to inmates at the Monroe County Correctional Facility. (Plaintiff's Complaint, Page 3).

Plaintiff claims that on February 28, 2001, he was forcibly removed from his cell by the correctional officers at the prison. (See Plaintiff's Complaint, Page 6). Plaintiff claims that while he was being removed from his cell he suffered injuries which included multiple abrasions, bruises to the face, and a broken blood vessel in his right eye which caused blurred vision and discomfort. (See Plaintiff's Complaint Page 6). Plaintiff claims that his initial requests for medical treatment were denied; however, he was seen a few hours after the incident by a nurse who provided ice for Plaintiff's face and placed Plaintiff upon the list to be seen by a physician for his eye. (See Plaintiff's Complaint Pages 6-7).

2

Plaintiff's Complaint does not request monetary damages, but rather requests the following relief:

> I James E. Heller ask the court to take strict disciplinary action against all the individuals named in my complaint. I also ask the court to order my transfer to another county facility until this complaint is resolved, for safety reasons. I fear that once these individuals are served with my complaint they will harm me again. Leaving me in this facility throughout these impending proceedings would place me in imminent danger of serious bodily injury. Also, I will be discriminated against and treated unfairly. Thank you.

(Plaintiff's Complaint Page 8).

Plaintiff is currently incarcerated at the State Correctional Institution at Camp Hill. Further, Plaintiff asserts no allegations concerning Prime Care's policies or procedures regarding treatment of inmates at the Monroe County Correctional Facility.

### III. Issue

SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S CAUSE OF ACTION WITH PREJUDICE WHERE PLAINTIFF HAS FAILED TO ALLEGE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED?

<u>Suggested Answer</u>: Yes

### IV. Argument

A motion to dismiss, pursuant to F.R.C.P. 12(b)(6), may be granted if, accepting all well-pleaded allegations in the

complaint as true, and viewing them in the light most favorable to the plaintiff, a plaintiff is not entitled to relief. See Nami v. Fauver, 82 F.3d 63,65 (3rd Cir. 1996); Holder v. City of Allentown, 987 F.2d 188, 194 (3rd Cir. 1993). A plaintiff's complaint should be dismissed whenever it appears the plaintiff can not prove any set of facts in support of his claim which would entitle him to relief. See Jenkins v. McKeithen, 395 U.S. 411 (1969), *rehearing denied*, 396 U.S. 869; Conley v. Gibson, 355 U.S. 41 (1957); Graves v. Lowery, 117 F.3d 723,726 (3rd Cir. 1997).

While to withstand a motion to dismiss a plaintiff is not required to prove the truthfulness of his complaint, the "complaint nonetheless must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted. District of Columbia v. Air Florida, Inc., 750 F.2d 1077 (D.C. Cir. 1984). If a complaint in a Section 1983 suit does not allege conduct of a defendant which violates a plaintiff's rights under the Constitution or laws of the United States, it fails to state a claim for which relief can be granted under the statute. Ross v. Meagan, 638 F.2d 646,650 (3rd Cir. 1980). Further, every defendant against whom a suit is brought must be shown by the allegations in the complaint to be involved in the complained of conduct. See Rizzo v. Good, 423

4

U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3rd Cir. 1976). Liability under Section 1983 may not be premised on a theory of *respondeat superior*. <u>Hampton</u> 546 F.2d at 1082. Prime Care respectfully submits that Plaintiff is unable to meet his burden of demonstrating a cause of action in this matter.

**A.  Plaintiff has failed to sufficiently allege a cause of action against Prime Care upon which relief can be granted.**

It is submitted that Plaintiff's cause of action fails to state a claim upon which relief may be granted for multiple reasons. Plaintiff's Complaint fails to demonstrate Prime Care acted with deliberate indifference in addressing a serious medical condition. Secondly, Plaintiff has failed to allege a cause of action which imposes liability directly against Prime Care. Third, Plaintiff request relief is moot and inappropriate.

1.  <u>Plaintiff's Complaint fails to demonstrate a deliberate indifference to a serious medical condition.</u>

Plaintiff has brought this action under 42 U.S.C. §1983. Plaintiff claims that he was refused timely medical treatment. In order to state a viable Section 1983 claim, Plaintiff must allege that the conduct complained of was committed by a person

5

acting under color of state law and that said conduct deprived the plaintiff a right, privilege, or immunity secured by the Constitution or by laws of the United States. Cohen v. City of Philadelphia, 736 F.2d 81,83 (3rd Cir. 1984), *cert. denied* 469 U.S. 1019 (1984). A defendant's conduct must have a close causal connection to the plaintiff's injury for Section 1983 liability to attach. Martinez v. California, 444 U.S. 277 (1980). Negligent conduct is not actionable under Section 1983. West v. Atkins, 487 U.S. 42,54 (1988).

The United States Supreme Court espoused the standard necessary to establish on the 8th Amendment law of cruel and unusual punishment in the context of medical care in Estelle v. Gamble, 429 U.S. 97 (1976). The standard established in Estelle has two prongs: 1) it requires deliberate indifference on the part of the prison officials and 2) it requires the prisoner's medical needs to be serious. Estelle v. Gamble, supra.; and Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326,346 (3rd Cir. 1987), *cert. denied* 486 U.S. 1006 (1988). A plaintiff must prove specific facts which show that the defendant exhibited a "deliberate indifference" to his serious medical needs. Little v. Lycoming County, 912 F.Supp. 809,815 (1996), *aff'd* 101 F.3d 691 (1996). Deliberate indifference is more than inadvertence or a good faith error, it

6

is characterized by "obduracy and wantonness." <u>Whitley v. Albers</u>, 475 U.S. 312 (1986). Negligent misdiagnosis or an inadvertent failure to provide care does not establish a constitutional violation. <u>Estelle</u>, 429 U.S. at 97. "The courts will not intervene upon allegation of mere negligence, mistake or difference of opinion... For a constitutional tort to arise and for a cause of action to be stated under section 1983, the complainant must allege deliberate indifference to this continued health and well-being." <u>Bowring v. Godwin</u>, 551 F.2d 44,48 (4th Cir. 1977). Moreover, there must be proof that the conduct alleged was deliberate and intentional. <u>Hampton v. Holmesburg</u>, 546 F.2d 1077,1081 (3rd Cir. 1976). There must be the presence of exceptional circumstances amounting to conduct so grossly incompetent, or inadequate, or excessive as to shock the general conscience or to be intolerable to fundamental fairness. <u>Walnorch v. McMonagle</u>, 412 F.Supp. 270,274 (E.D. Pa. 1976), *citing* <u>Gittlemacher v. Prasse</u>, 428 F.2d 1 (3rd Cir. 1970).

In the present matter, Plaintiff admits that he received medical treatment. The basis of Plaintiff's Complaint is that he had to wait for a few hours before he received treatment. There is no allegation that Plaintiff suffered additional injury as a result of waiting a few hours for the treatment. Moreover, there is no indication that the treatment would have been different if

7

provided when Plaintiff claims he initially requested treatment. At most, Plaintiff's allegations demonstrate negligence which is simply not sufficient to demonstrate a constitutional violation of the Plaintiff's rights. Further, Plaintiff has failed to allege any facts which demonstrate a deliberate indifference to a serious medical condition by anyone at Prime Care. The alleged facts indicate that Plaintiff did receive medical treatment. Moreover, Plaintiff has not alleged that he has suffered a serious medical condition which was caused by any deliberate indifference on the part of Prime Care. Therefore, Prime care respectfully submits that Plaintiff's cause of action should be dismissed for failure to state a claim upon which relief can be granted.

> 2.  Plaintiff's Complaint fails to demonstrate a cause of action directly against Prime Care.

A Section 1983 claim may not be based on a theory of vicarious liability. Youse v. Carlucci, 867 F.Supp. 317,319 (E.D. Pa. 1994). An employer may be held directly liable under Section 1983 only where a plaintiff demonstrates that "an employee committed the alleged unlawful act(s) at issue pursuant to a policy of her or his private corporate employer." Hetzel v. Swartz, 909 F.Supp. 261,264 (M.D. Pa. 1995). A prerequisite for a viable civil rights claim is that a defendant directed, or knew

8

of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Where a plaintiff merely alleges liability based on an employee's actions, a Section 1983 action can not stand against the employer. Hetzel v. Swartz at 265.

In the present matter, Plaintiff has instituted suit against Prime Care. However, there are no allegations which indicate any agents or servants of Prime Care caused Plaintiff to suffer an harm. There are also no allegations which indicate Prime Care had any policy or procedure which caused Plaintiff to be deprived of any Constitutional rights. Therefore, Prime Care respectfully submits that Plaintiff's cause of action should be dismissed for failing to state a claim upon which relief can be granted.

   3.   Plaintiff's requested relief is moot and inappropriate.

Plaintiff has requested that this Court direct that he be transferred to another correctional facility. Plaintiff has been transferred to the State Correctional Facility at Camp Hill. Consequently, Plaintiff's request for a transfer is moot.

To avoid redundancy, Prime Care hereby incorporates by reference herein as if fully set forth at length Section B of the Brief filed by the Defendants Doherty, Start, Williams, Kessler, Sofia, and McFarland in Support of their Motion to Dismiss. Therefore, Prime Care respectfully submits that Plaintiff

9

Complaint has failed to demonstrate a cause of action upon which relief may be granted. Thus, Prime Care respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

    Respectfully submitted,

    **GOLDBERG, KATZMAN & SHIPMAN, P.C.**

    _/s/ John R. Ninosky_
    Thomas J. Weber, Esquire
    John R. Ninosky, Esquire
    320 Market Street
    P.O. Box 1268
    Harrisburg, PA 17108-1268
    (717) 234-4161
    Attorneys for Prime Care Medical

Date: 10/1/01

68573.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the foregoing document upon all parties or counsel of record by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage prepaid on the 1st day of October, 2001, addressed to the following:

Mr. James E. Heller
Inmate No. ES18110
SCI Camp Hill
2500 Liburn Road
P.O. Box 8337
Camp Hill, PA 17011-8837

Gerald J. Geiger, Esquire
Newman, Williams, Mishkin,
  Corveleyn, Wolfe & Fareri
P.O. Box 511
Stroudsburg, PA 18360-0511
Attorneys for Defendants, Doherty, Start, Williams, Kessler,
  Sofia and McFarland

GOLDBERG, KATZMAN & SHIPMAN, P.C.

By _____
John R. Ninosky, Esquire
Attorney I. D. No. 78000
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108-1268
Telephone: (717) 234-4161
Counsel for Defendant, Prime Care

68063.1