**NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE           ATTORNEY FOR: Defendants, James Doherty, Robert Start, Martin
IDENTIFICATION NO. 44099                 Williams, Peter Kessler, Michael Sofia, and Gary McFarland
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EDWARD HELLER, | No. 1:CV-01-0828 |
| Plaintiff, | CIVIL ACTION |
| vs. | |
| JAMES DOHERTY, ROBERT START, MARTIN WILLIAMS, PETER KESSLER, MICHAEL SOFIA, GARY McFARLAND, and PRIME CARE MEDICAL, | Judge Kane |
| Defendants. | |

FILED SCRANTON OCT 09 2001 PER ___ DEPUTY CLERK

## ANSWER TO MOTION TO AMEND COMPLAINT

Defendants, James Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia, and Gary McFarland, through their undersigned counsel, answer Plaintiff's Motion for Leave to Amend Complaint as follows:

1.  Denied. Defendant has filed a Motion which includes three new Defendants in the case, to wit: Paul Jennings, Michael Tabery and David Keenhold. Plaintiff does not allege any basis for naming these three additional individuals.

2.  Denied. Since the filing of this Complaint, the Plaintiff has been transferred to SCI Camp Hill. There has been no discovery in the case and he has not learned any new information

since his transfer. All information that was available to him was known at the time of the alleged incident.

3. Admitted in part and denied in part. The Defendants admit that the Plaintiff's original complaint was defective. Defendants have no information as to the Plaintiff's knowledge at the time he filed the Complaint and therefore the allegation concerning his knowledge of appropriate damages is denied.

4. Denied. Defendants have no information regarding this allegation and therefore it is denied.

5. Admitted in part and denied in part. Defendants admit that Rule 15 contains the rules relating to amendment of pleadings. Defendants deny that justice requires that leave to amend be granted. By way of further answer, Plaintiff has not alleged what form of relief he is requesting if he were allowed to amend his Complaint. Second, he has not set forth any basis for the Court to determine whether an amendment would be appropriate and why three (3) additional parties should be named as Defendants.

On the facts as set forth in the original Complaint, even if money damages had been requested, there would be no basis for an award of such damages. Plaintiff's Complaint against Defendant Williams is that he verbally abused him which is not actionable under 42 U.S.C. §1983 since verbal abuse standing alone, does not infringe one's civil rights. Moreover, the Plaintiff's claim that Martin Williams deprived him of medical attention is not supported by the allegations in the Complaint. Plaintiff alleges that he asked Officer Williams to call for medical assistance at 11:00 p.m. on February 28, 2001, that he received such attention at 12:05 a.m. on March 1, 2001, 65 minutes later. He claims no injuries caused by a delay of 65 minutes nor does he allege sufficient facts to show that Officer Williams was deliberately indifferent with respect to depriving him of needed medical attention. He states no allegations whatsoever against James Doherty, Peter Kessler or Gary McFarland which would withstand a civil rights cause of action under Section 1983. Those Defendants neither deprived Plaintiff of medical attention nor participated in any assault upon the Plaintiffs.

2

Furthermore, the claim against Officer Sofia is that he assisted in "dragging" the Plaintiff to the in-take area. He does not allege that Officer Sofia caused him any injury whatsoever.

Finally, with respect to Officer Start, his claim is that Officer Start stuck his finger into his right eye and hit him in the head but there is no claim for anything other than nominal damages, even if the Court were to believe that the Plaintiff was not resisting being taken into custody, which he was. For those reasons, Plaintiff would not be able to state a claim even if the Complaint were amended to include a claim for money damages. Thus, the request to amend the Complaint should be denied.

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

Gerard J. Geiger, Esq.
Attorney I.D. No. 44099
Attorney for Defendants, James Doherty, Robert Start, Martin Williams, Peter Kessler, Michael Sofia and Gary McFarland

Dated: 10/5/01

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing Answer to Motion to Amend upon the plaintiff by mailing a true and correct copy to his counsel of record at the following address by U.S. First Class Mail, postage prepaid:

Mr. James E. Heller
Inmate Number ES18110
SCI Camp Hill
2500 Lisburn Road
P.O. Box 8337
Camp Hill, PA 17001-8837

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI

By: _____
Gerard J. Geiger, Esq.
Attorney I.D. #44099
Attorney for Defendants

Dated: 10/5/01