IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EDWARD HELLER
    PLAINTIFF

  VS.

JAMES DOHERTY, ROBERT START,
MARTIN WILLIAMS, PETER KESSLER,
MICHAEL SOFIA, GARY MCFARLAND,
PRIME CARE MEDICAL, PAUL JENNINGS,
MICHAEL TAEBERRY, and DAVID KEENHOLD.
    DEFENDANTS

) CASE NO. 1:CV-01-828

) BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION
FOR COURT APPOINTED
COUNSEL.

FILED
SCRANTON

OCT 17 2001

PER _____ DEPUTY CLERK

PLAINTIFF'S BRIEF
IN SUPPORT OF MOTION
FOR COURT APPOINTED COUNSEL
PURSUANT TO 28 U.S.C. 1915.

I  PROCEDURAL HISTORY.

    On May 10, 2001, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. 1983.

    On June 21, 2001, this Court granted Plaintiff leave to proceed in forma pauperis, but denied his Motion to Amend the Complaint as moot.

    On July 23, 2001, Defendants filed a Motion to Dismiss.

    On August 6, 2001, Plaintiff filed a Brief in Opposition to the Defendants' Motion to Dismiss.

    On September 28, 2001, Plaintiff filed a Motion for leave to Ammend the Complaint.

    On September 29, 2001, Plaintiff filed a Brief in support of his Motion for leave to amend the Complaint, and the proposed Amendment.

On October 1, 2001, Defendant, Prime Care Medical, filed a Motion to Dismiss.

Concurrent with the filing of this Brief, Plaintiff is filing a Motion for Court Appointed Counsel.

II  STAEMENT OF FACTS.

Plaintiff's Motion for this Court to appoint him counsel is based on the following facts:

1. Plaintiff is proceeding in forma pauperis and cannot retain counsel.

2. Plaintiff does not have a High School diploma, any legal education, or prior litigation experience.

3. Plaintiff is incarcerated and cannot perform anadequte factual investigation to the degree required.

4. Plaintiff is incarcerated and is having trouble pursuing his claim.

5. Case is likely to turn on credibility determinations, and it is more likely that the truth will be exposed if the Plaintiff is represented by counsel trained in presenting evidence and cross examination.

III  QUESTIONS PRESENTED

1. Plaintiff's circumstances warrant this Court appointing counsel.

Suggested Answer: Yes.

IV  ARGUMENT

   A. STATEMENT OF JURISDICTION

The district court's authority to appoint counsel to represent indigent litigants in a civil case derives from 28 U.S.C. 1915.

   B. **PLAINTIFF IS PROCEEDING IN FORMA PAUPERIS AND CANNOT RETAIN COUNSEL.**

Plaintiff is incarcerated at S.C.I. Camp Hill in Cumberland County, Pennsylvania, and cannot retain counsel. Plaintiff is proceeding in this case forma pauperis.

Under 28 U.S.C. 1915(d), courts should consider whether an indigent plaintiff could retain counsel on his or her own. **See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir 1989).**

   C. **PLAINTIFF DOES NOT HAVE A HIGH SCHOOL DIPLOMA, ANY LEGAL EDUCATION, OR PRIOR LITIGATION EXPERIENCE.**

Plaintiff only attende school until the 9th grade. He has no legal education, or prior litigation experience. This the Plaintiff at a great disadvantage in presenting his case. Plaintiff's lack of legal education and prior litigation experince prevents him from interpreting and complying with complex rules of Federal Civil Procedure.

Courts should consider Plaintiff's education, literacy, prior work experience, and prior litigation experince when considering whether to appoint Plaintiff counsel. **See Castillo v. Cook County Mail Room Dept., 969 F.2d at 704-04.**

Where claims are likely to require exstensive discovery

and compliance with complex discovery rules, appointment of counsel may be warranted. See Rayes, 969 F.2d at 703.

### D. PLAINTIFF IS INCARCERATED AND IS UNABLE TO PERFORM AN ADEQUATE FACTUAL INVETIGATION TO THE DEGREE REQUIRED.

Defendants all work for the Monroe County Correctional Facility and represented by trained counsel. Because the Plaintiff is 1) incarecerated and 2) untrained in conducting such investigations, Plaintiff is at a great disadvantage in attempting to conduct an adequate investigation.

In determining whether to appoint counsel for indigent plaintiffs courts should consider degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation. See Tabron v. Grace 6 F.3d 147 ( 3rd Cir. 1993 ).

A key factor that should be considered is the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation See Hodge, 802 F.2d at 61, and Maclin, 650 F,2d at 887-88.

### E. PLAINTIFF IS INCARCERATED AND IS HAVING TROUBLE PURSUING HIS CLAIM.

Because the Plaintiff is incarcerated and is limited to access to to the prison law librabry, limited use use of a typewriter, and a photocopying machine, this hinders the Plaintiff from pursuing his claim.

In determining whether to appoint counsel for an indigent plaintiff, court should consider extent to which plaintiff's are prisners may face problems in pursuing their claim

4

See Rayes, 969, F.2d at 703-04. Also see Tabron v. Grace, 6 F.3d 147 (3rd Cir, 1993).

F. CASE IS LIKELY TO TURN ON CREDIBILITY DETERMINATIONS.

Because the Plaintiff and several of his witnesses are convicted felons, their credibilty will be questioned. Appointed counsel will be able to ensure that improrer impeachment is not used to obscure the truth and the facts supporting the truth.

When a case is likely to turn on credibility determinations appointment of counsel may be justified. **See Maclin, 650 F.2d at 888.** The Maclin Court explained when witneee credibility is a key issue, " **it is more likely that the truth will be exposed where both sides are represented by those trained in presentation of evidence and cross-examination**".

V. CONCLUSION.

FOR THE FOREGOING REASONS, Plaintiff, James Edward Heller, requests that this Honorable Court grant this Motion for Court Appointed Counsel.

BY: *[signature]*
JAMES EDWARD HELLER
PRO SE PLAINTIFF
2500 LISBURN ROAD
P.O. BOX 8837
CAMP HILL, PA
17001-8837

DATED: 10/5/01

CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing BRIEF IN SUPPORT OF MY MOTION FOR COURT APPOINTED COUNSEL on the parties by mailing a true and correcet copy to the parties of record at the following addresses by U.S. FIRST CLASS MAIL, postage prepaid.

Gerard Geiger, Esq.
712 Monroe Street
P.O. Box 511
Stroudsburg, PA 18360-0511

John R. Ninosky, Esq.
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108-1268

BY: *[signature]*

JAMES EDWARD HELLER
PRO SE PLAINTIFF
2500 LISBURN ROAD
P.O. BOX 8837
CAMP HILL, PA 17001

DATED: 10/5/01