

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



JAMES EDWARD HELLER
PLAINTIFF

VS.                                                                    ) CASE NO. 1:CV-01-828

JAMES DOHERTY, ROBERT START,                  ) BRIEF IN SUPPORT OF
MARTIN WILLIAMS, PETER KESSLER,                   MOTION TO AMEND COMPLAINT.
MICHAEL SOFIA, GARY MCFARLAND,                  ) JUDGE KANE
PRIME CARE MEDICAL, PAUL JENNINGS,
MICHAEL TAEBERRY, AND DAVID KEENHOLD.

BRIEF IN SUPPORT OF MOTION
FOR LEAVE TO AMEND COMPLAINT
PURSUANT TO FED. R. CIV. P. 15.

FILED
SCRANTON

OCT 17 2001

PER _____
DEPUTY CLERK

## I. PROCEDURAL HISTORY

On May 10, 2001, the Plaintiff filed a civil rights complaint pursuant to 42. U.S.C. §1983.

On June 21, 2001, the Court granted the Plaintiff leave to proceed in forma pauperis, but denied his Motion to Amend his Complaint as moot.

On July 21, 2001, the Defendants filed a Motion to Dismiss.

On August 6, 2001, the Plaintiff filed a Brief in Opposition to the Defendants Motion to Dismiss.

Concurrently with the filing of this Brief, Plaintiff is filing a Motion for Leave to Amend his Complaint.

## II STATEMENT OF FACTS

Plaintiff's Amendment is based on the Amended Defendants violating his rights after the incident that occured on February 28, 2001, in which he was assaulted by Defendant Correctional Officers.

Plaintiff claims that Paul Jennings- Former acting Warden at the Monroe County Correctional Facility, failed to discipline Defendants Start and Sofia, after they assaulted the Plaintiff, Failed to prevent the Defendants from threatening and harassing the Plaintiff, and failed to seperate the Plaintiff from the Defendants, despite the Plaintiff's request to be seperated from the Defendants for the foregoing reasons.

Plaintiff claims that Michael Taeberry deprived the Plaintiff of self-help and religious programs, as well as the oppurtunity to do legal research, thus depriving the Plaintiff of a fair oppurtunity to become eligible for Parole and access to the Courts.

Plaintiff claims that David Keenhold- current Warden at the Monroe County Correctional Facility, did nothing to prevent the Defendants from threatening and harassing the Plaintiffor to prevent McFarland and Taeberry from depriving the Plaintiff of self-help and religious programs, and the oppurtunity to do legal research. Plaintiff also claims that Keenhold did nothing to protect the Plaintiffs to utilize the Grievance Procedure, which McFarland was depriving the Plaintiff of.

Plaintiff claims that Gary McFarland deprived him of self-help and religious programs and the oppurtunity to do legal research, depriving the Plaintiff of the oppurtunity to do legal research deprived the Plaintiff of access to the Courts. By McFarland depriving the Plaintiff of self-help and religious programs, McFarland deprived the Plaintiff of a fair oppurtunity to become eligible for Parole.

In his amendment the Plaintiff requests the Court to grant him the following relief:

$500,000 from the Defendants for pain and suffering.

$500,000 from the Defendants for mental anguish.

$10,000,000 from the Defendants for puinitive damages.

## III QUESTIONS PRESENTED

1. Whether it is in the interest of justice that leave to amend be granted by the Court.

2. Whether Plaintiff's delay in filing for leave to amend is justified.

3. Whether allowance to amend would be absent of undue prejudice to opposing parties.

4. Whether allowance to amend would be absent of causing undue delay.


Suggested Answer: YES.


## IV STANDARD OF REVIEW

A Motion for Leave to Amend a Complaint is under FED. R. CIV. P. 15. In deciding whether to grant leave to amend pleadings, Court must be guided by underlying purpose of rule governing amended pleadings.

That is to facilitate decision on merits rather than on pleadings or technicalities. Magnesystems,Inc. V. Nikken,Inc., 933 F. Supp. 944. Decision whether to allow plaintiff to amend should be freely given unless there is a good reason such as futility, to the contrary. Willoughby V. Potomac Elec. Power Co., 100 F.3d 999, 321.

A. IT IS IN THE INTEREST OF JUSTICE THAT LEAVE TO AMEND BE GRANTED.

---

PLAINTIFF was not aware at the time he filed his original complaint that the Amended Defendants had violated his rights. Also, Plaintiff overlooked the fact that Defendant McFarland was using malicious tactics to deprive him of self-help and religious programs, as well as an adequate oppurtunity to do legal research, thus depriving the Plaintiff of a fair oppurtunity to become eligible for Parole and access to the Courts.

Function of rule stating that leave to amend shall be granted when justice so requires is to enable party to assert matters that were overlooked or were unknown at the time the Plaintiff interposes the original complaintor answer and therefore, rule reinforces one of the basic policies of the federal rules, namely that pleadings are not an end in themselves, but are only a means to assist in presentation of case to enable it to be decided on the merits. Quality Refrigerated Services, Inc. V. City of Spencer, 908 F Supp. 1471.

Because the amended defendants violated the Plaintiff's rights, it is in the interest of justice that leave to amend be granted. The amended parties along with the original defendants are the proper parties who are responsible for violating the plaintiff's rights.

Under practice of Federal District Court, amendments are frequently allowed to bring the proper parties.  City of Orangeburg v. Southern Ry. Co., E.D.S.C. 1942, 45 F. Supp. 734, affirmed 134 F2d,890.

### B. PLAINTIFF'S DELAY IN FILLING MOTION FOR LEAVE TO AMEND IS JUSTISFIED

Plaintiff was unable to file amendment within the 20 day time period after the complaint was served on the Defendants because he did not have access to the prison law library at SCI Camp Hill until August 17, 2001, approximately 2 months after the plaintiff was transferred there, and the complaint was served on the defendants.

As provided by Fed. R. Civ. P., 15(a), a party may amend the party's pleading only by leave of Court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

### C. ALLOWANCE TO AMEND WOULD BE ABSENT OF UNDUE PREJUDICE TO OPPOSING PARTY.

Plaintiff's motion for leave to amend does not cause prejudice to the defendants.  Leave is not sought in bad faith, but in a good-faith effort by the plaintiff to assert matters that were overlooked and were unknown at the time he interposed the original complaint. By denying the plaintiff's Motion for Leave to Amend, it would cause prejudice to the plaintiff, because his rights were violated by the amended parties, and that should be audible to the Court.

Court may allow amendment of complaint to change theory of, up

to and even after trial, in absence of clear showing of harm to defendant from tardy amendment.   Smith v. Chrysler Corp.   938 F. Supp. 1406.

### D. ALLOWANCE TO AMEND WOULD BE ABSENT OF CAUSING UNDUE DELAY

Because this case has not been placed on the trial calendar, leave to amend would not cause undue delay.

After defendant files responsive pleading, leave to amend should be granted unless amendment would cause prejudice to opposing party, is sought in bad faith, is futile, or creates undue delay.   Martinez v. Newport Beach City,  125 F3d  777, appeal after remand  199 F3d 1332.  (emphasis added)

### V.   CONCLUSION

For the foregoing reasons, the plaintiff, **James Edward Heller**, respectfully requests that this Court grant his **Motion for Leave to Amend** his complaint.

Respectfully submitted:

DATED: September 29, 2001     [s] _____

JAMES EDWARD HELLER
Pro se Plaintiff
2500 Lisburn Road
P.O. Box 8837
Camp Hill, PA   17001-8837

CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Brief in support of my Motion for Leave to Amend my Complaint upon the parties by mailing a true and correct copy to the paries of record at the following address' by U.S. FIRST CLASS MAIL, postage prepaid:

Gerard Geiger, Esq
712 Monroe Street
P.O. BOX 511
Stroudsburg, PA 18360-0511


John R. Ninosky, Esq
320 Market Street
P.O. BOX 1268
Harrisburg, PA 17108-1268

BY: _____
JAMES EDWARD HELLER

DATED: 9/29/01